IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN
DISTRICT OF MISSISSIPPI NORTHERN DIVISION

**CYNTHIA LITTLE**                                                                                      **PLAINTIFF**

V.                                                                            CAUSE NO. 3:20-cv-310-HTW-LRA

**INSTITUTE OF COMMUNITY SERVICES, INC.**                      **DEFENDANT**

---

### PLAINTIFF'S COMPLAINT EMPLOYMENT DISCRIMINATION

COMES NOW, Plaintiff, Cynthia Little, by and through counsel, filing this *Compliant for Employment Discrimination* in the above styled action against, Defendant, Institute of Community Services, Inc., for relief from employment discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and the Age Discrimination in Employment Act (ADEA), and would show unto this Honorable Court the following:

### I.  PARTIES

1. Plaintiff, Cynthia Little (hereinafter "Mrs. Little"), is an adult male domiciliary of Shuqualak, Noxubee County, MS. Mrs. Little is a citizen of the United States and Mississippi.

2. Defendant, Institute of Community Services, Inc. (hereinafter "Defendant") is a nonprofit corporation, doing business in Macon, Noxubee County, Mississippi, with its principle place of business in Holly Springs, Mississippi. Defendant can be served with service of process through its registered agent, Elois McClinton at, 160 W. Valley Street, Holly Springs, MS 38635.

### II.  JURISDICTION AND VENUE

3. This Court has jurisdiction of Mrs. Little's federal law claims pursuant to 28 U.S.C. § 1331, as this case involves questions of federal law.

4.      Venue is proper in, and Defendant is subject to the personal jurisdiction of, this Court because Defendant maintains facilities and business operations in this District and Division, and upon information and belief all or most of the events giving rise to this action occurred in this District and Division. 28 U.S.C. § 1391(b); 42 U.S.C. § 2000e-5(f)(3).

### III.    EXHAUSTION OF ADMINISTRATIVE REMEDIES

5.      Plaintiff timely filed charges of discrimination with the United States Equal Employment Opportunity Commission ("EEOC"). On or about January 31, 2020, the EEOC issued Mrs. Little's Notice of Suit Rights.

6.      On or about February 4, 2020 Mrs. Little received the Notice of Suit Right from the EEOC.

7.      Mrs. Little has timely filed this action and has complied with all administrative prerequisites to bring this lawsuit.

### IV.    FACTUAL ALLEGATIONS

8.      At all times material to this action, Mrs. Little was employed by Defendant at Institute of Community Services, Inc. in Macon, Mississippi.

9.      On or about April 26, 2019, Mrs. Little, an African American female, above the age of 40, filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC).

10.     On or about November 5, 2019 Mrs. Little was accused of being in violation of Defendant's corporal punishment policy and was suspended until further notice.

11.     On or about November 19, 2019, Mrs. Little, without little investigation or opportunity to defend herself, was terminated by Defendant.

12.     While Mrs. Little an older African American female; there are other

documented instances of the same nature involved other employees, not in protected classes, that were carried out in a different manner.

## V. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
Retaliation Based Discrimination in Violation of Title VII of the Civil Rights Act of 1964 (Title VII), the Age Discrimination in Employment Act (ADEA)

13. Mrs. Little incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 12, above.

14. Title VII of the Civil Rights Act of 1964 (Title VII), the Age Discrimination in Employment Act (ADEA), makes it unlawful employment practice for an employer to discharge any individual, or otherwise to discriminate against any individual with respect to her privileges of employment, because of such individual's previous assertion of rights protected by Equal Employment Opportunity laws.

15. Defendant's decision to terminate Mrs. Little, after she filed a previous EEOC complaint, without investigation or cause following an alleged violation of Defendant's policy, was the result of discrimination based on retaliation. Mrs. Little avers that other employees who were accused of similar violations were not suspended or fired.

16. Less discriminatory alternatives existed to achieve Defendant's stated business purposes.

17. As a direct, legal and proximate result of the discrimination, Mrs. Little has sustained, and will continue to sustain, economic and emotional injuries, resulting in damages in an amount to be proven at trial.

18. Defendant's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Mrs. Little's right to be free from

discrimination based on retaliation.

19. Mrs. Little is entitled to her reasonable attorneys' fees and costs of suit.

**SECOND CLAIM FOR RELIEF**
Race Based Discrimination in Violation of Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000e-2(a)

20. Mrs. Little incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 20, above.

21. Section 703 of Title VII, 42 U.S.C. § 2000e-2, makes it unlawful employment practice for an employer to discharge any individual, or otherwise to discriminate against any individual with respect to her privileges of employment, because of such individual's race.

22. Defendant's decision to terminate Mrs. Little, an older black female, without investigation or cause following an alleged violation of Defendant's policy, was the result of discrimination based on race. Mrs. Little avers that other employees who were accused of similar violations were not suspended or fired.

23. Less discriminatory alternatives existed to achieve Defendant's stated business purposes.

24. As a direct, legal and proximate result of the discrimination, Mrs. Little has sustained, and will continue to sustain, economic and emotional injuries, resulting in damages in an amount to be proven at trial.

25. Defendant's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Mrs. Little's right to be free from discrimination based on color.

26. Mrs. Little is entitled to her reasonable attorneys' fees and costs of suit.

## THIRD CLAIM FOR RELIEF
Age-Based Discrimination in Violation of the Age Discrimination in Employment Act of 1967 (ADEA), *as amended*, 29 U.S.C. § 623

27. Mrs. Little incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 27, above.

28. The ADEA, 29 U.S.C. § 623, makes it unlawful for an employer to discharge any individual or otherwise discriminate against any individual with respect to her privileges of employment, because of such individual's age.

29. Defendant's decision to terminate Mrs. Little, an older female over the age of 40, without investigation or cause following an alleged violation of Defendant's policy, was the result of discrimination based on age. Mrs. Little avers that other employees who were accused of similar violations were not suspended or fired.

30. Less discriminatory alternatives existed to achieve Defendant's stated business purposes.

31. As a direct, legal and proximate result of the discrimination, Mrs. Little has sustained, and will continue to sustain, economic and emotional injuries, resulting in damages in an amount to be proven at trial.

32. Defendant's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Mrs. Little's right to be free from discrimination based on Age.

33. Mrs. Little is entitled to her reasonable attorneys' fees and costs of suit.

## FOURTH CLAIM FOR RELIEF
Sex Discrimination in Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a)

34. Mrs. Little incorporates by reference as if fully set forth herein

the allegations contained in paragraphs 1 through 27, above.

35. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a), makes it unlawful for an employer to discharge any individual or otherwise discriminate against any individual with respect to her privileges of employment, because of such individual's sex.

36. Defendant's decision to terminate Mrs. Little, an older female over the age of 40, without investigation or cause following an alleged violation of Defendant's policy, was the result of discrimination based on sex. Mrs. Little avers that other employees who were accused of similar violations were not suspended or fired.

37. Less discriminatory alternatives existed to achieve Defendant's stated business purposes.

38. As a direct, legal and proximate result of the discrimination, Mrs. Little has sustained, and will continue to sustain, economic and emotional injuries, resulting in damages in an amount to be proven at trial.

39. Defendant's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Mrs. Little's right to be free from discrimination based on Age.

40. Mrs. Little is entitled to her reasonable attorneys' fees and costs of suit.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

1. For a declaration that Defendant's actions, policies, and practices as alleged herein are unlawful;

2. For lost wages and all other compensation denied or lost to Mrs. Little by reason of Defendant's unlawful actions, in an amount to be proven at trial;

3. For compensatory damages for Mrs. Little's emotional pain and suffering, in an amount to be proven at trial;

4. For punitive damages in an amount to be determined at trial;

5. For liquidated damages;

6. For interest on lost wages, compensation, and damages, including pre- and post-judgment interest and an upward adjustment for inflation;

7. For an order enjoining Defendants from engaging in the unlawful acts complained of herein;

8. For reasonable attorneys' fees and costs of suit pursuant to 42 U.S.C. § 2000e-5(k), and other laws; and

9. For such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial on all causes of action and claims to which they have a right to a jury trial.

Respectfully submitted this the 1th day of May, 2020.

PLAINTIFF CYNTHIA LITTLE

By Rod G. Hickman One Of Her Attorneys

**ROD G. HICKMAN, MSB 105527**
HICKMAN FONDREN, PLLC
2882 Jefferson Street
Post Office Box 149
Macon, Mississippi 39341
Office: 662.788.5007
Cell: 601-202-1185
rod@hickmanfondren.com

*Attorney for Plaintiff Cynthia Little*